FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY JONES, a/k/a VERNON JONES, | No. 08-55415 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-01009-R-JCR |
| v. | |
| M. KRAMER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 7, 2010
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and BREYER, District
Judge.[**]

The California Court of Appeal determined as an alternative ground for

affirming Jones's conviction that "[d]efendant cannot have suffered prejudice, even

if there are materials in [Officer] Tapia's file bearing on her credibility that should

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Charles R. Breyer, United States District Judge for the
Northern District of California, sitting by designation.

have been disclosed [prior to trial]." Our review of the record demonstrates that this holding was not (1) "contrary to, or . . . an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "based on a unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

The record also demonstrates that the alleged discovery and disclosure violations did not have a substantial and injurious effect or influence in determining the jury's verdict. See Brecht v. Abrahamson, 507 U.S. 619 (1993). Given (1) the percipient direct testimony of Officer Barillas, Officer Dadisho, and Officer Mora (which corroborated the testimony of Officer Tapia), (2) Jones's counsel's argument to the jury that Tapia's testimony about what she saw and what she could not see was "absolutely and completely honest," and (3) the testimony about the respective roles of the "dealer" and the "hook" in these kinds of drug sales, the evidence against Jones was substantially compelling and more than sufficient to sustain the jury's verdict.

AFFIRMED.

2